UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re:

    Joan Marie Winder,                         Bankruptcy Case No. 19-20773-PRW
    Paul Edwin Winder,                         Chapter 13

            Debtors.

**DECISION AND ORDER
DENYING MOTION TO LIFT AUTOMATIC STAY
WITHOUT PREJUDICE**

PAUL R. WARREN, U.S.B.J.

Leslie Nicol, a secured creditor, moved for an order lifting the automatic stay so that Mr. Nicol could continue with a foreclosure action against real property located at 94 Water Street, Lyons, New York. The property is the home of Joan and Paul Winder, Chapter 13 debtors. For the reasons that follow, the motion seeking relief from the automatic stay is **DENIED**.

**I.**

**JURISDICTION**

The Court has jurisdiction under 28 U.S.C. §§ 158(a), (b)(1) and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(G).

**II.**

**FACTS**

This Chapter 13 case was filed by Mrs. and Mr. Winder on August 5, 2019, to address a debt owed to Mr. Nicol arising out of a 17-year old unrecorded land contract, by which the Winders purchased their home located at 94 Water Street in Lyons. (ECF No. 57 at 1). The purpose of the

Chapter 13 case was to stop a foreclosure action that Mr. Nicol had commenced in the Wayne County Supreme Court. (*Id.*).

After the case had been pending for less than 6 months, on January 29, 2020, Mr. Nicol filed a motion seeking termination of the automatic stay, alleging that cause existed under 11 U.S.C. § 362(d)(1). (ECF No. 39). The motion was amended on January 30, 2020, in response to a deficiency notice issued by the Clerk of Court's office. (ECF Nos. 41, 42). The following day, a second deficiency notice was issued by the Clerk of Court's office due to a failure of the movant to serve the amended motion. (ECF No. 43). That deficiency was cured on January 31, 2020. (ECF No. 44). Mr. Nicol's motion was scheduled to be heard on February 13, 2020. (ECF No. 45). On February 6, 2020, counsel to Mr. Nicol filed a "supplement" to the motion, clarifying the basis for alleging that cause existed to lift the automatic stay. (ECF No. 47). Specifically, counsel asserted that Wayne County had commenced a tax foreclosure action against the Winders' home, by Petition and Notice dated October 2, 2019, so that "Nicol's property is going to be lost in the tax foreclosure proceedings long before the Debtors' plan is completed." (ECF No. 47 ¶¶ 2-5).[1]

On February 9, 2020, counsel to the Winders wrote a lengthy letter in response to the lift stay motion, detailing counsel's discussions with the Wayne County Treasurer's Office and confirming that the tax foreclosure, much ballyhooed by Mr. Nicol's counsel, would not take place. (ECF No. 52). Counsel indicated an intention to object to Mr. Nicol's secured claim and requested

---

[1] It would appear that Wayne County's post-petition tax foreclosure action, by which the County sought to recover *pre-petition property taxes*, ran afoul of 11 U.S.C. § 362(a)(1). The attachments to counsel's supplemental submission clearly indicate that the taxes at issue were for "2018 or prior years." (ECF No. 47, Ex. 1). When notified of the bankruptcy, Wayne County discontinued the tax foreclosure. (ECF No. 52). As an experienced bankruptcy practitioner, counsel to Mr. Nicol should have known (and probably did know) that the assertions made in his "Supplemental Affirmation" concerning the tax foreclosure, and the imminent loss of title as a result, were misleading and unsupportable. (ECF No. 47 ¶¶ 2-5).

that the hearing on the lift stay motion be adjourned to April 6, 2020, to be heard in connection with the Chapter 13 confirmation hearing. (*Id.*). On February 10, 2020, the Court granted the adjournment. (ECF No. 54).

That same day, counsel to the Winders filed both a motion objecting to Mr. Nicol's secured claim, as well as an objection to the lift stay motion. (ECF Nos. 56, 57). The Winders' submissions raised issues of fact alleging numerous oral modifications to the underlying land contract, during its 17-year existence. According to the Winders, Mr. Nicol had failed in both his lift stay motion and proof of claim to provide credits totaling approximately $20,000. (ECF No. 56 at 2; ECF No. 57 at 2). If true, there would exist a sizeable equity cushion protecting Mr. Nicol's secured position and a far smaller claim to be paid through the Chapter 13 plan. By operation of Rule 3007(b) FRBP, the relief sought by the Winders was required to be raised in an adversary proceeding under Rule 7001 FRBP—not in the abbreviated manner by which lift stay motions are typically heard.

On February 13, 2020, the date originally set for a hearing on the lift stay motion, the Court conducted an in-chambers review of the Nicol lift stay motion, the supplemental submission, and the Winders' lengthy and detailed submissions in opposition to both the motion and the Nicol proof of claim. (ECF Nos. 39, 42, 47, 52, 56, 57). In light of the wildly conflicting versions of the facts alleged by the parties, coupled with the procedural requirement that the Winders' objections to the extent of Mr. Nicol's secured claim required the commencement of an adversary proceeding—which objections were inextricably intertwined with the relief sough in the lift stay motion—the Court issued a Case Management Order denying the Winders' claim objection (as procedurally flawed), without prejudice to the commencement of an adversary proceeding, and scheduling the hearing on the lift stay motion for April 6, 2020 at 9:00 a.m. (ECF No. 63). Implicit

in the Court's Order was the extension of the automatic stay through (at least) April 6, 2020—the date of the hearing on the contested lift stay motion, as permitted by 11 U.S.C. § 362(e)(2)(B)(ii).

On April 1, 2020, in keeping with the Case Management Order, the Winders filed a complaint commencing an adversary proceeding challenging Mr. Nicol's secured claim and the extent of Mr. Nicol's lien on the property. (ECF No. 72; A.P. Case No. 20-2002, ECF No. 1). Hours later, counsel to Mr. Nicol filed a memorandum of law asserting that cause exists to lift the stay and that, by operation of 11 U.S.C. § 362(e)(2), the stay terminated 60 days from the date that the lift stay motion was filed. (ECF No. 73).[2]

### III.

### DISCUSSION

**A. <u>The Automatic Stay Did Not Terminate Under § 362(e)(2)</u>**

Mr. Nicol argues that, by operation of § 362(e)(2) of the Code, the automatic stay expired 60 days after the lift stay motion was filed. (ECF No. 73 at 6). Mr. Nicol is wrong.

Section 362(e)(2), unlike § 362(e)(1), does not require a preliminary hearing before a court can extend the time for a determination of a motion for relief from the stay. *In re McKenzie*, 737 F.3d 1034, 1038 (6th Cir. 2013). Under § 362(e)(2)(B)(ii), the Court can extend the 60-day period "for such specific period of time as the court finds is required for good cause, as described in findings made by the Court." 11 U.S.C § 362(e)(2)(B)(ii); *see also In re McKenzie*, 737 F.3d at

---

[2] By Order entered April 3, 2020, the Court advised the parties that the lift stay motion had been fully briefed and that the motion was taken under submission, without oral argument. (ECF No. 75). The motion had been scheduled to be heard on April 6, 2020 at 9:00 a.m. On Sunday, April 5, 2020 at 9:11 p.m., counsel to the Winders filed a "Sur-Reply" to Nicol's memorandum of law. (ECF No. 76). While that submission is deemed by the Court to be part of the record for purposes of appeal, the Court gave that submission only a cursory review. The Court does not welcome late-filed submissions, particularly after issuing an Order deeming submissions to be complete. Counsel must be much more proactive in drafting papers, to ensure submissions are timely, or request leave of Court to file a late submission should circumstances be exigent.

1038. By Case Management Order, dated February 13, 2020 and entered February 14, 2020, this Court identified the cause requiring an extension of the automatic stay and for a determination of the lift stay motion—that cause being the vastly differing versions of the facts presented by the parties, all involving the same transactions or occurrences, and the procedural requirement that the Winders present their challenge to the extent of Mr. Nicol's security interest and the amount of the Nicol secured claim in the form of an adversary proceeding. (ECF No. 63). That Order specified a date and time certain—April 6, 2020 at 9:00 a.m.—when the Court would hear the contested motion. (*Id.*). Implicit in that Order is an extension of the automatic stay beyond the 60-day period, as permitted by § 362(e)(2)(B)(ii). The Case Management Order was issued to afford the Winders a full and fair opportunity to present the facts in support of their defense to the lift stay motion. That Order would be rendered hollow if the Court had not implicitly extended the automatic stay to preserve the *status quo* pending the April 6th hearing.

Could the Court's Case Management Order have been clearer? Of course. But the absence of a citation to § 362(e)(2)(B)(ii) does not change the fact that (1) the Court identified the cause necessitating an extension of time for deciding the Nicol motion; and (2) the Court set a specific date and time on which the motion would be heard. Absent the Case Management Order, the 60-day time period under § 362(e) would have expired on March 31, 2020. By operation of that Order, the stay was extended for 6 days, as permitted by statute. To read the Order otherwise would render the Order superfluous—if the automatic stay was permitted to expire on March 31st (as Nicol would have it) no purpose would have been served in setting the hearing for April 6th and no purpose would have been served in granting the Winders leave to raise their defenses in an adversary proceeding.

5

It is well-settled that the Court issuing an Order is in the best position to interpret that Order, and that interpretation is entitled to substantial deference. *In re Gawker Media LLC*, 581 B.R. 754, 760-61 (Bankr. S.D.N.Y. 2017) (citing *In re Bernard L. Madoff Inv. Secs. LLC*, 704 F.3d 81, 87 n.7 (2d Cir. 2014)). *See also Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009); *In re Casse*, 198 F.3d 327, 333 (2d Cir. 1999).

The Court interprets its Case Management Order (ECF No. 63) as identifying cause—substantial and significant—justifying an extension of the automatic stay to a date certain, to afford the Winders a full and fair opportunity to place their objection before the Court in the proper form, as permitted by 11 U.S.C. § 362(e)(2)(B)(ii). To interpret that Order as not extending the automatic stay, for want of a citation to § 362(e)(2)(B)(ii), would work a manifest injustice on the Winders and would have the practical effect of rendering the pending adversary proceeding a nullity. The bankruptcy court is a court of equity. In the exercise of its equitable authority, under both 11 U.S.C. § 105(a) and the statutory grant of authority under 11 U.S.C. § 362(e)(2)(B)(ii), the Court holds that its Case Management Order of February 13, 2020 (ECF No. 63), set forth good cause (the appearance of a meritorious defense to the motion) for extending the automatic stay to a specific date (through and including April 6, 2020).

## B. **The Motion Has Not Demonstrated Cause to Lift the Automatic Stay**

Mr. Nicol's motion seeking termination of the automatic stay alleges, as cause (1) the failure of the Winders to pay post-petition real estate taxes; and (2) the failure of the Winders' Chapter 13 plan to pay the secured proof of claim in the amount of $36,851.65. (ECF No. 73 at 4-5). These assertions can be dealt with in short order.

First, there is no evidence offered by Mr. Nicol to support the claim that post-petition real estate taxes are not being paid. To the contrary, the attachments to the Nicol "Supplemental

6

Affirmation" make it evident that the unpaid taxes sought by Wayne County in its tax foreclosure action are for pre-petition taxes covering the tax year 2018 or prior years. (ECF No. 47, Ex. 1). Second, the Winders have commenced an adversary proceeding challenging the validity and extent of Mr. Nicol's secured claim. (A.P. Case No. 20-2002, ECF No. 1). By that action, the Winders seek a declaratory judgment that Mr. Nicol has a secured claim of $18,276.65, and not $36,851.65, as alleged by Mr. Nicol in his proof of claim. The Winders have raised genuine issues of material fact that must be resolved at trial. The Court holds that Mr. Nicol has failed to carry his burden of proving cause under 11 U.S.C. § 362(d)(1), as alleged in his motion. (ECF Nos. 39, 42, 47). Further, Mr. Nicol has failed to prove that he lacks adequate protection for his security interest.

## IV.

## CONCLUSION

For the reasons set out in this Decision, the motion to lift the automatic stay is **DENIED**. However, the denial of the motion is without prejudice to Mr. Nicol seeking stay relief in the future, should grounds for such relief arise.

**IT IS SO ORDERED.**

DATED: April 6, 2020  _____/s/_____
      Rochester, New York  HON. PAUL R. WARREN
                                            United States Bankruptcy Judge